NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD GUY KEISNER,

   Petitioner,

 vs.

RICHARD LOCKWOOD, Warden,

   Respondent.

No. C 05-2285 PJH (PR)

ORDER TO SHOW CAUSE

  Petitioner, a California prisoner currently incarcerated at Pelican Bay State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

  Venue is proper because the conviction was obtained in Humboldt County, which is in this district. See 28 U.S.C. § 2241(d).

## BACKGROUND

  A jury convicted petitioner of first degree murder, first degree burglary, and attempted first degree robbery. He was sentenced to twenty-five years to life in prison. His conviction was affirmed on direct review by the California Court of Appeal, and the California Supreme Court denied review.

## DISCUSSION

A. Standard of Review

  This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B. Legal Claims

As grounds for federal habeas relief, petitioner asserts that: (1) His Confrontation Clause rights were violated by admission of a statement made by a co-defendant to the police; (2) his due process rights were violated by the trial court's rejection of his request for a circumstantial evidence instruction; and (3) the trial court violated his due process rights by giving CALJIC 17.41.1. These claims are sufficient to require a response.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

1    3. Respondent may file a motion to dismiss on procedural grounds in lieu of an
2  answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases.  If
3  respondent files such a motion, petitioner shall file with the court and serve on
4  respondent an opposition or statement of non-opposition within thirty days of receipt of
5  the motion, and respondent shall file with the court and serve on petitioner a reply within
6  15 days of receipt of any opposition.
7    4. Petitioner is reminded that all communications with the court must be served
8  on respondent by mailing a copy of the document to respondent's counsel.  Papers
9  intended to be filed in this case should be addressed to the clerk rather than to the
10  undersigned.  Petitioner also must keep the court informed of any change of address by
11  filing a separate paper with the clerk headed "Notice of Change of Address," and
12  comply with any orders of the court within the time allowed, or ask for an extension of
13  that time.  Failure to do so may result in the dismissal of this action for failure to
14  prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v. Johnson,
15  104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).
16  IT IS SO ORDERED.

18  DATED: July 11, 2005.

  _____
  PHYLLIS J. HAMILTON
  United States District Judge

22  G:\PRO-SE\PJH\HC.05\keisner2285.OSC

3